UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Ex rel.* Tina Cobb-Morgan,<br><br>Plaintiffs,<br><br>v.<br><br>MEMORIAL HOSPITAL, INC.,<br><br>Defendants. | Civil Action No. 6:20-CV-171-CHB<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is the Notice of Election to Decline Intervention and Proposed Order filed by the United States. [R. 12]. Through its Motion and Proposed Order, the United States requests that the Court solicit its consent to any future dismissal of the action, provide notice of future Court orders, and direct service of any future pleadings and notices of appeal. *Id.* at p. 1–2. The United States further requests that the Court unseal the complaint filed by Relator Tina Cobb-Morgan ("Relator") and the entire case record except its four previous Motions for Extension of Intervention Deadline and Seal Period and its previous Motion for a Partial Lift of the Seal. *Id.* at 2–3. The United States requests that the Court maintain these motions under seal. *Id.* The Court will **GRANT** the United States's request with respect to notice and service as well as its requests consistent with the 31 U.S.C. § 3730 for prior consent to dismissal and to unseal the complaint and record in this case. For the reasons set forth below, the Court will **DENY without prejudice** the United States's request to maintain previous motions under seal.

- 1 -

I.   **BACKGROUND**

On August 10, 2020, Relator filed this *qui tam* action on behalf of the United States against Defendant Memorial Hospital, Inc. ("Defendant") to recover damages for Defendant's allegedly fraudulent conduct under the False Claims Act, 31 U.S.C. §§ 3729–3733 ("FCA"). [R. 1]. Pursuant to § 3730 of the FCA, the case was filed under seal pending the United States's election regarding intervention. Since then, the United States moved to extend the sixty-day statutory period during which the case is sealed to accommodate its continued investigations into Relator's allegations before its intervention deadline. [R. 3; R. 5; R; 7; R. 10]. In total, the United States requested four extensions, each of which the Court granted. [R. 4; R. 6; R. 9; R. 11]. On October 8, 2021, the United States filed a Motion for a Partial Lift of the Seal to permit it to disclose the existence of the complaint and details of Plaintiff's allegations to Defendant in order to facilitate its investigation. [R. 8]. The Court subsequently granted that motion. [R. 9]. On October 4, 2022, the United States filed its instant Notice of Election and Proposed Order. [R. 12].

II.   **DISCUSSION**

   A.  **The Federal Claims Act**

The FCA "prohibits submitting false or fraudulent claims for payment to the United States and authorizes qui tam suits, in which private parties bring civil actions in the Government's name." *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 404 (2011) (citations omitted) (citing 31 U.S.C. §§ 3729(a), 3730(b)(1)). The Act mandates that a *qui tam* relator file the complaint under seal and that it remain sealed for at least sixty days. 31 U.S.C. § 3730(b)(2). This sixty-day sealing period allows the Government time to investigate the allegations to "make an informed decision about whether to intervene." *Am. C.L. Union v. Holder*, 673 F.3d 245, 250 (4th Cir. 2011). For good cause shown, the Government may request extensions of time to investigate during which

the complaint remains under seal. 31 U.S.C. § 3730(b)(3). If the United States decides to intervene in a *qui tam* action, it effectively "takes over the litigation." *Holder*, 673 F.3d at 250. In those circumstances, the complaint and docket are unsealed, and the United States serves the complaint on the defendant. *Id.* The *qui tam* relator, however, remains a party to the action. *Id.* But where, as here, the United States declines to intervene, the complaint and docket are unsealed, and the *qui tam* relator serves the complaint on the defendant. *Id.*

### B. The Sixth Circuit Sealing Standard

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176–79 (6th Cir. 1983). The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). To meet this burden, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored. *Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016). "[O]nly trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane*, 825 F.3d at 308 (citation and internal quotation marks omitted). The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' " *Shane*, 825 F.3d at 305–06 (quoting *Baxter Int'l., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

Further, in ruling on a motion to seal, the Court is required to make "specific findings and conclusions 'which justify nondisclosure to the public.' " *Rudd*, 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176). " '[A] court's failure to set forth those reasons . . .' is itself sufficient grounds to vacate the seal." *Id.* (quoting *Shane*, 825 F.3d at 306).

### C. The United States's Request for Permanent Seal

While acknowledging that the seal of the case record must be lifted upon its election to decline intervention, the United States requests that the Court maintain its five previous motions under seal. [R. 3, at p. 2]. In support of its request, the United States avers, "In discussing the content and extent of the United States' non-public investigation, including methods and thought processes for assessing relator's allegations, these submissions were provided under § 3730(b)(3) to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." *Id.* at 3. The Western District of Kentucky recently addressed a similar request by the United States in a *qui tam* action to maintain five previous motions for § 3720(b)(3) extensions permanently under seal. *United States ex rel. Powell v. Aerocare Holdings, Inc.*, No. 318CV00286BJBCHL, 2022 WL 829497, at *1 (W.D. Ky. Mar. 18, 2022). In *Powell*, the court exhaustively surveyed the authorities governing the United States's request as follows:

> Section 3730(b)(3) of the FCA permits the Government, on good cause shown, to "move the court for extensions of the time during which the complaint remains under seal" and to support its motion with "affidavits or other submissions in camera." 31 U.S.C. § 3730(b)(3). The good cause requirement is substantive and requires the Government to state "a convincing rationale for continuing the seal." *See, e.g.*, *U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1190 (N.D. Cal. 1997). While, as detailed above, the FCA contemplates that the complaint be unsealed after the Government has acted with respect to intervention, the FCA does not address whether continued sealing of other documents, such as the United States' motions for extensions pursuant to § 3730(b)(3), is appropriate. *U.S. ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). *See also CACI*, 885 F. Supp. at 81; *Coughlin*, 992 F. Supp. at 140; *Health Outcomes*, 349 F. Supp. 2d at 173; *Johnson-Pochardt*, 2003 U.S. Dist. LEXIS 4758, at *4; *King*, 806 F. Supp. 2d at 842; *Rostholder*, 799 F. Supp. 2d at 548; *Yannacopolous*, 457 F. Supp. 2d at 858 .

. . [T]he Sixth Circuit has not addressed whether these other documents should be unsealed after [the] government has acted with respect to intervention. But the majority of courts to address the issue have found that "[i]n permitting in camera submissions, the statute necessarily invests the court with authority to preserve secrecy of such items or make them available to the parties." *Mikes*, 846, F. Supp. at 23. *See also Erickson*, 339 F. Supp. 2d at 1126; *Goodstein*, 2001 WL 34091259, at *2; *Handal*, 2016 WL 561774, at *2; *Health Outcomes*, 349 F. Supp. 2d at 173; *Jayakar*, 2017 WL 2570283, at *2; *King*, 806 F. Supp. 2d at 842-43; *Yannacopolous*, 457 F. Supp. 2d at 858-59; *U.S. ex rel. Alridge v. Cain*, No. 1:16-CV-369 HTWLRA, 2018 WL 1162252, at *5 (S.D. Miss. Mar. 4, 2018); *U.S. ex rel. Colo. v. Rocky Mountain Gastroenterology Assocs., PLLC*, No. 14-CV-00128-RM-MEH, 2015 WL 3494501, at *2 (D. Colo. June 2, 2015); *U.S. ex rel. L. Project for Psychiatric Rts. v. Matsutani*, No. 3:09-CV-0080- TMB, 2010 WL 11515341, at *2 (D. Alaska Sept. 14, 2010). These courts analogize the issue to the analysis of whether to grant a protective order to protect trade secrets and similar information under Fed. R. Civ. P. 26(c) and address whether to unseal documents previously submitted under seal through "a pragmatic balancing of the need for and harm risked by, disclosure[ ]." *Mikes*, 846, F. Supp. at 23. *See also Carolina*, 2021 WL 325705, at *3; *Erickson*, 339 F. Supp. 2d at 1126; *King*, 806 F. Supp. 2d at 843; *Matsutani*, 2010 WL 11515341, at *2; *O'Keefe*, 902 F. Supp. at 191; *Rostholder*, 799 F. Supp. 2d at 548; *Yannacopolous*, 457 F. Supp. 2d at 858. In engaging in this balance, courts have held that "[w]here disclosure of confidential investigative techniques, of information which could jeopardize an ongoing investigation, or of matters which could injure non-parties is requested," a continued seal is appropriate. *Mikes*, 846, F. Supp. at 23. *See also CACI*, 885 F. Supp. at 82 (noting that interference with ongoing investigation is a legitimate basis to request continued seal); *King*, 806 F. Supp. 2d at 843; *U.S. ex rel. Singh v. Bradford Reg'l Med. Ctr.*, No. CIV. 04-186, 2007 WL 7705584, at *2 (W.D. Pa. June 6, 2007); *U.S. ex rel. Lee v. Horizon W., Inc.*, No. C 00-2921 SBA, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006).

District courts have denied requests to seal and unsealed documents that merely described "routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business" or included "no information about specific techniques such as what items might be looked for in an audit, what types of employees of an entity should be contacted and how, what laboratory tests might be utilized, or the like." *Mikes*, 846 F. Supp. at 23. *See also CACI*, 885 F. Supp. at 83; *Coughlin*, 992 F. Supp. at 141; *Erickson*, 339 F. Supp. 2d at 1126; *Health Outcomes*, 349 F. Supp. 2d at 173-74; *King*, 806 F. Supp. 2d at 843; *U.S. ex rel. Hong v. Newport Sensors*, Inc., No. SACV1301164JLSJPRX, 2015 WL 13358179, at *2 (C.D. Cal. Sept. 25, 2015); *U.S. ex. rel. Yannity v. J & B Med. Supply Co.*, No. 08-11825, 2011 WL 4484804, at *6 (E.D. Mich. Sept. 27, 2011). Applying these principles, courts have also taken into account whether the documents named witnesses, contained substantive details of an investigation, were based on dated information, lacked specificity, discussed ministerial discovery matters, were brief, or contained only

cursory explanations for the extension sought. *See Yannacopolous*, 457 F. Supp. 2d at 858-59 (unsealing documents that did "not contain names of witnesses, information about particular documents or substantive details of the investigation" and were based on dated information); *Rostholder*, 799 F. Supp. 2d at 549 (unsealing documents that identified "[n]o specific individuals, other than the relator, or investigative techniques"); *U.S. ex rel. Mahmood v. Elizabethtown Hematology Oncology, PLC*, No. 3:11-CV-00376-GNS, 2015 WL 6870140, at *3 (W.D. Ky. Nov. 6, 2015) (unsealing documents with no "specificity beyond routine investigative procedures"); *Aurora*, 2017 WL 8781118, at *2 (denying request to seal "routine applications for enlargements of time" that "discuss[ed] ministerial discovery matters like the number of documents collected, the issuance of a civil investigative demand, and the existence of an interview with the Relator"); *Johnson-Pochardt*, 2003 U.S. Dist. LEXIS 4758, at *8 (denying request to seal extension motions that were "brief, similar to one another, [ ] cursory in their explanation of why an extension is needed," did not reveal "the process of government's election to intervene," and merely "relay[ed] the government's indecision rather than its motivation"); *Lee*, 2006 WL 305966, at *3 (unsealing documents that did "not implicate specific people, provide substantive details of the investigation, or reveal any of the attorney's thought processes").

Here, the one-sentence justification proffered by the United States for its requested permanent seal does not approach the balancing of interests parsed by the authorities above nor the "heavy" burden the Sixth Circuit places on movants seeking to limit public access to court filings. *Shane*, 825 F.3d at 305.  Upon its own review of the motions the United States seeks to seal, the Court is unable to identify the potential for harm if the information therein was made public. Take, for example, the four motions for extensions, which are largely identical. Each includes a cover page showing the basic nature of the motion, information that will be revealed in the Court's previous orders on the motions that will be unsealed. They also each include a memorandum in support which consists of more than four pages summarizing the allegations in the complaint that will be made public, review of the legal standard governing the statutory sealing period in FCA *qui tam* actions, and an introduction and conclusion paragraph again only revealing the nature of the motion which will be made public elsewhere in the record. [R. 3; R. 5; R; 7; R. 10]. These motions contain only a few sentences that could arguably be considered confidential information, but still,

it is unclear how public disclosure of such information would jeopardize any ongoing or future investigations.

Moreover, the United States's request for permanent seal appears to be procedurally improper. Pursuant to Local Rule 5.6,

> Absent a federal statute or federal rule of procedure, local rule, or standing order of this court a party seeking to file a sealed document must electronically file a motion for leave to seal. The motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure.

L.R. 5.6(c).

Here, rather than filing a motion to seal its previous motions, the United States buried its request in its Notice of Election. In sum, the Court finds that the United States failed to meet its burden of showing that the pertinent portion of the record may be permanently sealed. However, given the United States's specific request that the Court maintain the seal on these documents, the Court will keep the motions provisionally under seal and give the United States the opportunity to submit a supplemental memorandum in support of a seal that " 'analyze[s] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' " *Shane*, 825 F.3d at 305–06 (quoting *Baxter*, 297 F.3d at 548). If no such motion is filed, the Court will order that the motions be unsealed.

### III.   ORDER

For the foregoing reasons,

**IT IS HEREBY ORDERED** as follows:

1. The United States's request to maintain its previous motions [R. 3; R. 5; R; 7; R. 8; R. 10] under seal is **DENIED without prejudice**.

2. The Clerk of Court is directed to unseal the complaint, all other contents of the Court's record, and all other matters occurring in this action after the date of this Order.

3. The Clerk of Court is directed to provisionally seal the United States's previous motions [R. 3; R. 5; R; 7; R. 8; R. 10] pending further order of the Court.

4. On or before **October 21, 2022**, the United States may file a motion to permanently seal the provisionally sealed motions establishing that the motions are entitled to protection from disclosure. If necessary, the United States may also propose appropriate redactions to these documents. If no such motion or memorandum is filed on or before the deadline, the Court will direct the Clerk to unseal the motions.

5. Relator shall effectuate service of her complaint upon Defendant.

6. Relator shall effectuate service of this Order and the United States's Notice of Election to Decline Intervention **[R. 12]** upon Defendant only after service of the complaint.

7. The Parties shall serve all future pleadings and motions filed in this action, including supporting memoranda and all notices of appeal, upon the United States, as provided for in 31 U.S.C. § 3730(c)(3).

8. The United States is entitled to intervene in this action, for good cause, at any time, as provided for in 31 U.S.C. § 3730(c)(3).

9. Should the relator or the defendant propose that this action be dismissed, settled, or otherwise discontinued, the Court will solicit the written consent of the United States before ruling on granting its approval.

This the 11th day of October, 2022.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY